IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY MILNER, SR.                                                                    PLAINTIFF

                v.                        Civil No. 4:10-cv-04130

DANNY MARTIN, Sheriff,
Nevada County; WAYNE
KISINBURG, Jail Administrator,
Nevada County Detention Center;
OFFICER THOMSON, Prescott
Police Department; and JUDGE
DUNCAN CULPEPER, Nevada
County Circuit Court                                                DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

        The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). For the reasons stated below, it is my recommendation that the complaint be dismissed.

**Background**

        According to the allegations of the complaint, on the morning of August 12, 2010, Plaintiff and his son, Larry Milner, Jr., were approached at Plaintiff's house by Investigator Thomson of the Prescott Police Department.  The two were asked to follow Investigator Thomson to the police

department for questioning.

After being questioned, Larry Milner, Jr., was arrested. Plaintiff was asked if he would consent to the search of his truck. Plaintiff and Investigator Thomson went back to Plaintiff's house and his truck was searched. Following the search, Plaintiff was placed under arrest by Investigator Thomas. He has been charged with aggravated assault with a firearm.

A few hours later, Plaintiff states he was arraigned by Circuit Court Judge Duncan Culpeper. Plaintiff alleges Judge Culpeper refused to set bond for either he or his son and remanded both to the custody of the Nevada County Jail.

## **Discussion**

The Plaintiff is currently an inmate of the Nevada County Jail. As noted above, pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The claims asserted in this case are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, are against a Defendant immune from suit, or are not presently cognizable under § 1983. First, Judge Culpeper is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, any claim against Investigator Thomson is not cognizable at this time. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Id*.

Third, to the extent Plaintiff's claims are not barred by *Heck*, abstention is appropriate.  "In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances."  *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999).  Abstention under *Younger* "is warranted if the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges."  *Id*. (*citing Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)).

Here, Plaintiff's claims stem from the fact that he was arrested, incarcerated, and charged with aggravated assault.  This charge is currently pending.  The issue of whether probable cause existed for his arrest can be litigated in the state court criminal case.  Similarly, whether bond should be set is a question for the presiding judge not this Court.  To allow Plaintiff's action to proceed at this point would require this Court to interfere in ongoing state criminal proceedings, and this Court will not do so absent extraordinary circumstances.  No such circumstances exist here and abstention is appropriate.

Finally, the claims against Sheriff Danny Martin and Jail Administrator Wayne Kisinburg are subject to dismissal.  Plaintiff indicates the Nevada County Circuit Court issued an order remanding him and his son to the custody of the Nevada County Jail.  Sheriff Martin and Officer Kisinburg therefore acted in compliance with a facially valid court order and are entitled to absolute immunity for complying with the order.  *See e.g., Mays v. Sudderth*, 97 F.3d 107, 113 (5th Cir. 1996)

## Conclusion

Accordingly, I recommend that the complaint be dismissed.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff  is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of October 2010.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE